UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CHELSEY OMILIAN,

    Plaintiff,

v.

MICHAEL BEDFORD, Van Buren County
Prosecutor, in his individual and
official capacities; SCOTT HERBERT, Police
Chief for the Village of Mattawan in his
individual and official capacities; and
VILLAGE OF MATTAWAN, MICHIGAN,

    Defendant.

Case No. 1:19-cv-407
Hon. Janet T. Neff

| | |
|---|---|
| Sarah Riley Howard<br>Crystal J. Bultje<br>Attorneys for Plaintiff<br>Pinsky, Smith, Fayette & Kennedy, LLP<br>146 Monroe Center, NW, Suite 805<br>Grand Rapids, MI 49503<br>(616) 451-8496<br>showard@psfklaw.com<br>cbultje@psfklaw.com | Michael S. Bogren<br>Robert A. Callahan<br>Attorneys for Defendant Bedford<br>Plunkett Cooney<br>950 Trade Centre Way, Suite 310<br>Kalamazoo, MI 49002<br>(269) 226-8822<br>mbogren@plunkettcooney.com<br><br>G. Gus Morris<br>Stacy J. Belisle<br>Christopher J. Raiti<br>Attorneys for Def Herbert and Village<br>McGraw Morris P.C.<br>2075 W. Big Beaver Road, Ste. 750<br>Troy, MI 48084<br>(248) 502-4000<br>gmorris@mcgrawmorris.com<br>sbelisle@mcgrawmorris.com<br>craiti@mcgrawmorris.com |

**JOINT STATUS REPORT**

1

A Rule 16 Scheduling Conference is scheduled for **August 21, 2019 at 10 a.m.** before Honorable Janet T. Neff. Appearing as counsel for Plaintiff will be *Sarah Riley Howard,* Pinsky, Smith, Fayette & Kennedy, LLP, 805 McKay Tower, Grand Rapids, MI 49503, for Defendant Bedford will be Michael S. Bogren, and for Defendants Village and Herbert will be Stacy Belisle.

1. **<u>Jurisdiction</u>**. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1367.
2. **<u>Jury or Non-Jury</u>**. This case is to be tried before a jury.
3. **<u>Judicial Availability</u>**. The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in this case, including trial, and to order the entry of final judgment.
4. **<u>Statement of the Case</u>**.

    (a) **Plaintiff's statement**:

    Plaintiff was previously a police officer for Defendant Village from September 11, 2017 until approximately November 16, 2017. During Plaintiff's shift on November 3, 2017, Plaintiff discharged her firearm to an attempt to stop an armed and dangerous felon, high on methamphetamines, from driving a stolen vehicle, first directly at her and then into a public and congested area. Plaintiff reasonably believed that the discharge of the firearm was necessary to attempt to prevent the felon's escape and to protect herself and the public from the danger presented. Despite her reasonable belief, Defendant Bedford charged Plaintiff with reckless discharged of a

2

firearm. However, several months earlier, Defendant Bedford had reviewed a similar situation with a male police officer who had also discharged his firearm at a felon who was driving away. Although the felon was not driving at the officer nor was he driving onto a public and crowded area, Defendant Bedford decided that officer's decision to discharge his weapon was "appropriate," and he chose not to charge that officer with any criminal offense. Defendant Bedford's decision to charge Plaintiff, while not charging the male officer, was selective prosecution, and he intentional discrimination against Plaintiff on the basis of her sex.

During the course of the Michigan State Police investigation into the November 3, 2017 incident, Defendant Herbert not only heavily participated in the investigation against Plaintiff and mishandled evidence, but he also maliciously instituted and continued the criminal proceedings against her, thereby committing malicious prosecution. Subsequently, Defendant Village discharged Plaintiff, also discriminating against her on account of her gender.

(b) **Defendant Bedford's Statement:**

Defendant Bedford: Mr. Bedford denies the decision to charge the plaintiff criminally was in any way motivated by her gender. The decision was based solely on the facts presented to Prosecutor's Office by the investigating law enforcement agency. Moreover, Mr. Bedford is entitled to dismissal on the basis of absolute prosecutorial immunity.

3

(c) **Defendant Village of Mattawan's Statement:**

Plaintiff asserts that Defendant Village of Mattawan violated Michigan's Elliott-Larsen Civil Rights Act ("ELCRA") when it terminated her employment after she discharged her firearm at a fleeing vehicle. Plaintiff asserts that the Village's decision to terminate her employment was discriminatory and that the decision to terminate her employment was because of her gender. Defendant Village denies that Plaintiff's gender had any bearing on the decision to terminate her employment. Rather, the decision was based solely on the legitimate, non-discriminatory reason that she violated the policies of the Village Police Department by discharging her weapon at a fleeing vehicle that was driving away from her during a call for a stolen vehicle.

Plaintiff was charged by the county prosecutor with one count of misdemeanor reckless discharge of a firearm. Plaintiff was eventually acquitted of the charge but because her conduct was inconsistent with the police department's policies for discharge of a firearm, traffic stop protocol and engaging in chases, the Village terminated Plaintiff's employment. Furthermore, Plaintiff was employed with the Village for less than 90 days at the time of her termination and was still on probation. Therefore, the Village terminated her employment prior to her becoming a non-probationary employee subject to coverage of the police officers' collective bargaining agreement.

(d)     **Defendant Chief Herbert's Statement**:

Plaintiff asserts a malicious prosecution claim against Defendant Chief Herbert. In order to prevail on a claim for malicious prosecution in violation of the Fourth Amendment, Plaintiff must "establish that (1) a criminal prosecution was initiated against [her] and [Defendant] made, influenced, or participated in the prosecutorial decision; (2) there was no probable cause to support the charges; (3) as a result of the legal proceedings, [Plaintiff] suffered a deprivation of liberty apart from the initial seizure; and (4) the criminal proceedings ended in [Plaintiff's] favor." *Miller v. Maddox*, 866 F.3d 386, 389 (6th Cir. 2017) (internal quotation marks omitted). However, based on her own allegations, there is no evidence or even an indication that Chief Herbert had any input into the prosecution. Rather, the prosecutor is solely responsible for deciding whether to pursue criminal charges against a defendant. In this matter, upon information and belief, the prosecutor's decision was based only on an investigation report authored by the Michigan State Police. Therefore, there is no evidence that Chief Herbert had any input into the prosecution.

Further, Defendant Herbert is entitled to qualified immunity for this claim, it was not clearly established on the date of the incident that his actions violated Plaintiff's constitutional rights in these particularized circumstances.

5. **Prospects of Settlement**: The status of settlement negotiations is: No settlement offers have been exchanged at this point.

6. **Pendent State Claims**: This case includes pendent state claims. These claims are: a violation of ELCRA, MCL 37.2202, and Malicious Prosecution, MCL 600.2907.

7. **Joinder of Parties and Amendment of Pleadings**: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by September 2, 2019.

8. **Disclosures and Exchanges**:

    (a) Fed.R.Civ.P. 26(a)(1) requires initial disclosures, including identification of lay witnesses, unless the Court orders otherwise. Fed.R.Civ.P. 26(a)(1) disclosures shall be made by September 2, 2019.

    (b) Plaintiff expects to be able to furnish the names of expert witnesses by November 4, 2019. Defendant expects to be able to furnish the names of expert witnesses by December 2, 2019.

    (c) It would be advisable in this case to exchange written expert witness reports as contemplated by Federal Rule Civil Procedure 26(a)(2). Reports, if required, should be exchanged according to the following schedule: (1) the expert report of Plaintiff by January 6, 2020, and the expert report of Defendant by February 6, 2020.

      (d)     The parties have agreed to exchange documents through formal discovery.

9.    **Discovery**: The parties believe that all discovery proceedings can be completed by March 2, 2020.

The parties recommend the following discovery plan: Interrogatories will be limited to 25 per side. Requests for Admissions will be limited 25 per side. Depositions shall be limited to 10 per side. Individual depositions will be limited to no more than 7 hours each in duration. If any party desires to impose additional limits or desires relief from these limits, the party will contact the Court with an appropriate request to modify this order.

10.    **Disclosure or Discovery of Electronically Stored Information**: The parties have discussed the production of electronically stored information and will continue to confer in a good faith effort to agree upon the most appropriate way to produce such information.

11.    **Assertion of Claims of Privilege or Work-Product Immunity After Production**: Any documents subject the attorney/client privilege and/or work-product doctrine that are disclosed to the opposing party shall be immediately returned to the disclosing party, with or without a request from the disclosing party. Any such disclosure shall not constitute a waiver. If either party attempts to use a document which the other party believes to be privileged, the party claiming privilege or work product immunity shall notify the opposing party that it is invoking the privilege and/or the work product immunity doctrine and the

7

documents shall be immediately returned to the disclosing party.

12. **Motions**: The parties acknowledge that a pre-motion conference is required before filing any dispositive motion and that no motion papers shall be filed until the motion has been fully briefed.

The parties further acknowledge that W.D.Mich.L.Civ.R. 7.1(d) requires the moving party to ascertain whether the motion will be opposed. All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by said Rule 7.1(d).

The following dispositive motions are contemplated by each party:

Defendant Bedford will file a Rule 12(c) motion based on absolute prosecutorial immunity.

Defendant Village will file a motion for summary judgment based on the lack of any evidence whatsoever supporting the allegation that the Village's termination of Plaintiff was discriminatory in violation of the ELCRA. Defendant Village's motion may additionally include any and all other defenses that support summary judgment of this claim.

Defendant Chief Herbert will file a dispositive motion based on Plaintiff's failure to assert any element of a malicious prosecution claim against him and further that the record will not demonstrate such a claim and that qualified immunity bars this claim.

13. **Alternative Dispute Resolution**: In the interest of conserving judicial resources, the parties acknowledge that this Court will require the parties to

participate in some form of Alternative Dispute Resolution (ADR). The parties recommend that this case be submitted to voluntary facilitative mediation.

14. **Length of Trial**: Counsel estimates that the trial will take approximately eight days total, allocated as follows: Four days for Plaintiff's case, two days for each Defendant's case.

15. **Electronic Document Filing System**: Counsel understands that W.D. Mich L. Civ. R. 5.7(a) requires that attorneys file and serve all documents electronically by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The parties acknowledge that the Court expects all counsel to abide by the requirements of this rule.

16. **Other**: Set forth any special characteristics that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case.

At this time the parties do not believe that this case has any special characteristics that warrant extended discovery, accelerated disposition, etc.

PINSKY, SMITH, FAYETTE & KENNEDY, LLP
Attorneys for Plaintiff

Dated: August 14, 2019        By: /s/ Sarah R. Howard
                                  Sarah Riley Howard
                                  Crystal J. Bultje
                                  146 Monroe Center, N.W., Suite 805
                                  Grand Rapids, MI 49503
                                  (616) 451-8496
                                  showard@psfklaw.com

9

PUNKETT COONEY
Attorneys for the Defendant Bedford

Dated: August 14, 2019    By: /s/ Michael S. Bogren (w/ permission)
    Michael S. Bogren
    Robert A. Callahan
    950 Trade Centre Way, Suite 310
    Kalamazoo, MI 49002
    (269) 226-8822
    mbogren@plunkettcooney.com

MCGRAW MORRIS, P.C.
Attorneys for the Defendant Herbert and Village

Dated: August 14, 2019    By: /s/ Stacy J. Belisle (w/ permission)
    G. Gus Morris
    Stacy J. Belisle
    Christopher J. Raiti
    2075 W. Big Beaver Road, Ste. 750
    Troy, MI 48084
    (248) 502-4000
    gmorris@mcgrawmorris.com
    sbelisle@mcgrawmorris.com
    craiti@mcgrawmorris.com