UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHELSEY OMILIAN,

    Plaintiff,

-vs-

MICHAEL BEDFORD, Van Buren County
Prosecutor, in his individual and
official capacities; SCOTT HERBERT, Police
Chief for the Village of Mattawan in his
individual and official capacities; and
VILLAGE OF MATTAWAN, MICHIGAN,

    Defendants.

_____/

Case No: 1:19-cv-00407-JTN-ESC
Honorable Janet T. Neff

**DEFENDANT MICHAEL BEDFORD'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR JUDGMENT ON THE PLEADINGS**

The plaintiff's Response Brief fails to demonstrate Michael Bedford is not entitled to dismissal on the basis of absolute prosecutorial immunity.

**A. Claim of Involvement in Investigation.**

The first fatal flaw in plaintiff's argument is the complete lack of a single factual allegation that Bedford participated in the investigatory stage of the Omilian criminal case. Plaintiff repeatedly claims Bedford was involved in the investigation, but fails to allege a single fact to support that claim. Plaintiff's Response Brief asserts "MSP investigated the OIS, with a significant and unusual amount of help from both Defendants Herbert and Bedford. (Complaint, PageID 8, 9 ¶ 36, 37, 40)." (Response Brief, p. 5). However, the actual allegations contained in paragraphs 36, 37 and 40 of the Complaint contain not a single fact that would support even an inference that Bedford was involved in the investigation of the matter.

1

36. MSP, led by **MSP Lt. Charles Christensen, investigated the incident** because it was an OIS.

37. Upon information and belief, **Defendant Herbert participated in the MSP investigation**, unduly influenced the investigation, and encouraged filing of a criminal charge against Plaintiff arising out of the OIS in an effort to shield himself and his department from scrutiny, and to support a termination of Plaintiffs employment with Defendant Village.

40. On or about November 16, 2017, or less than two weeks after the OIS, Lt. Christensen called Plaintiff and informed her that he provided his investigation report to Defendant Bedford, and that **Defendant Bedford was criminally charging her with a felony**. While discussing the charge, Lt. Christensen realized there was an exception to this criminal felony charge for police officers, and he told Plaintiff he would go back to Defendant Bedford with information about the exception and call Plaintiff back. Several minutes later, Lt. Christensen called Plaintiff back and informed her she was **being criminally charged instead with misdemeanor reckless discharge of a firearm**, Mich. Comp. Laws § 752.863a.

(Emphasis added). Rather than demonstrating Bedford was involved in the investigation, these paragraphs in the plaintiff's own Complaint conclusively demonstrate Bedford was **not** involved in the investigation, only in making the charging decision. These three paragraphs are the only ones plaintiff identifies to support her oft-repeated claim that Bedford was involved in the investigation. ""It is not the first use but the tiresome repetition of inadequate catch words upon which I am observing...." Holmes, *Law and Science and Science and Law,* 12 Harv.L.Rev. 443, 455 (1899). *See also, Lorenzo v. Wirth,* 170 Mass. 596, 600, 49 N.E. 1010 (1898) (Holmes, J.) ("Too broadly generalized conceptions are a constant source of fallacy.") The fallacy of repetition will not save plaintiff in this case. Bedford was not involved in the criminal investigation.

B.   **Public Statements**

Plaintiff contends her allegation that Bedford made statements to unnamed third-parties about why he authorized criminal charges against Omilian defeats absolute

prosecutorial immunity. Plaintiff relies on *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993), to support her argument. However, what plaintiff fails to address is how Buckley applies to the facts alleged in this Complaint. Buckley's claim was that the prosecutor made false statements about him in a press conference and that conduct deprived him of a fair trial. "Petitioner's legal theory is that '[t]hese false and prejudicial statements inflamed the populace of DuPage County against' him, *ibid.;* see also *id.,* at 14, thereby defaming him, resulting in deprivation of his right to a fair trial, and causing the jury to deadlock rather than acquit, *id.,* at 19." *Id.* at 276 – 277. In this case there is no allegation Bedford's alleged statements deprived plaintiff of a fair trial. *Buckley* does not create a general exception to prosecutorial immunity if a prosecutor makes a public statement. It creates an exception to absolute immunity **for those statements**. Buckley alleged the public statements defamed him and deprived him of a fair trial – nothing more.[1] Fitzsimmons was denied absolute immunity for claims that arose directly from those statements.

In this case there are no claims asserted that arise from the statements Bedford is alleged to have made. Plaintiff does not assert the statements deprived her of a fair trial. Plaintiff does not assert those statements defamed her. Plaintiff makes no claim at all that is associated with the statements. Rather, plaintiff appears to have included the allegations about the statements in an attempt to create a new exception to absolute immunity. That attempt should fail. There is no case cited by plaintiff – or in existence – that holds absolute immunity is defeated for conduct that is separate and distinct from the public statements. The plaintiff's essential claim is that the decision made by Bedford to prosecute her was

---

[1] Buckley also alleged the prosecutors fabricated evidence and paid witnesses for false testimony, but those claims have no relevance to the plaintiff's claims in this case.

3

made because of her gender. That decision is entitled to absolute immunity. Public statements that are not themselves actionable do not defeat absolute immunity.

### C. *Red Zone 12 LLC* Requires Dismissal of the Claims Against Bedford.

Plaintiff attempts to distinguish *Red Zone 12 LLC v. City of Columbus*, 758 F. App'x 508 (6th Cir. 2019), in a variety of superficial ways. Plaintiff summarizes these distinctions by asserting "Plaintiff has alleged conduct that went beyond Defendant Bedford's prosecution of her. . . . she alleges that he participated in the investigation and made comments to others that were wholly irrelevant to and not part of his job as an advocate for the state." (Response Brief, pp. 11 – 12). The flaw in plaintiff's assertion is that there are no factual allegations that Bedford was involved in the investigation and the statements are not the basis of any of plaintiff's claims.

It seems necessary to remind plaintiff of the gravamen of her claim against Bedford: the decision to bring criminal charges against her was based on her gender. *Red Zone 12* reinforces the rule that absolute prosecutorial immunity applies to the decision to initiate prosecution ("But the initiation and prosecution of a lawsuit on behalf of the government fall squarely within prosecutorial functions. *Imbler*, 424 U.S. at 431," *Red Zone 12 LLC* 758 F. App'x at 514), **regardless of the subjective motivation for that decision**. ("Even bad motives do not void the protections of prosecutorial immunity. *Imbler*, 424 U.S. at 413," *Red Zone 12 LLC* at 514.)

### D. At a Minimum, Bedford Is Entitled to Qualified Immunity.

Although absolute immunity should result in the dismissal of Mr. Bedford from this litigation, at a minimum he is entitled to dismissal on the basis of qualified immunity. Plaintiff asserts this is not so because the "right to equal treatment under the law is

4

unquestionably 'clearly established.'" (Response Brief, p. 13). Plaintiff's argument is in direct violation of the Supreme Court's rule that clearly established law must not be defined at a high level of generality. "'Clearly established law' is not defined 'at a high level of generality,' *Ashcroft v. al-Kidd*, 563 U.S. 731, 742, (2011), but 'must be "'particularized'" to the facts of the case,' *White v. Pauly*, ––– U.S. ––––, 137 S. Ct. 548, 552 (2017) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, (1987))." *Vanderhoef v. Dixon*, 938 F.3d 271, 278 (6th Cir. 2019). To say that "equal treatment under the law" is clearly established is akin to saying "probable cause must support an arrest" is clearly established. Neither generality sheds any light at all on the qualified immunity analysis. Plaintiff has cited no case that would put Bedford on notice that statements he made describing his rationale for authorizing criminal charges – but that are not themselves actionable – violate the plaintiff's constitutional rights. The plaintiff cannot meet this burden because no such case law exists.

## RELIEF REQUESTED

Defendant Michael Bedford requests this Court grant his Motion for Judgment on the Pleadings brought under Rule 12(c) and dismiss the claims against him with prejudice.

Respectfully submitted,

DATED: November 13, 2019    PLUNKETT COONEY

BY:  /s/Michael S. Bogren
      Michael S. Bogren (P34835)
      Attorney for Defendant
      MICHAEL BEDFORD